IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHANE CAIN,<br>TDCJ-CID NO. 537264,<br><br>    Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. H-10-0683<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Shane Cain filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) challenging the calculation of his consecutive sentences. Pending before the court is Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 8), which argues that Johnson's petition is successive, time-barred, and without merit. Cain responded to the Motion for Summary Judgment on May 12, 2010 (Docket Entry No. 9). For the reasons stated below, the court will grant Thaler's motion and deny Cain's petition for a writ of habeas corpus.

## I.   Procedural History and Claims

### A.   Procedural History

On August 30, 1989, Cain was indicted for the felony of theft of over $750.00 as a habitual offender.[1]  Cain entered a plea of guilty, and was sentenced to twenty-five years' imprisonment by the 364th Judicial District Court of Bell County, Texas, on November 20, 1989.[2]

On September 5, 1991, Cain was indicted for the crime of retaliation.[3]  Cain entered a plea of guilty, and was sentenced to ninety-nine years' imprisonment by the 25th Judicial District Court of Guadalupe County, Texas, on May 18, 1992.[4]  The sentence was ordered to be served consecutively to his twenty-five-year Bell County sentence, in cause number 38,167.[5]

---

[1]Indictment in Cause No. 38,167, The State of Texas v. Shane McClaine Cain, State Habeas Record WR-18,018-05, Docket Entry No. 6, p. 1.

[2]Judgment on Plea of Guilty or Nolo Contendere Before Court, Waiver of Jury Trial in Cause No. 38,167, The State of Texas v. Shane McClaine Cain, State Habeas Record WR-18,018-05, Docket Entry No. 6, p. 3.

[3]Indictment in Cause No. 91-0984-CR, The State of Texas v. Shane McClaine Cain, State Habeas Record WR-18,018-23, Docket Entry No. 6, p. 23.

[4]Judgment on Plea of Guilty or Nolo Contendere, Waiver of Jury Trial in Cause No. 91-0984-CR, The State of Texas v. Shane McClaine Cain, State Habeas Record WR-18,018-23, Docket Entry No. 6, p. 41.

[5]Id.

On April 12, 1993, Cain entered a plea of guilty to the crime of possession of a deadly weapon in a penal institution.[6]  He was sentenced by the 349th Judicial District Court of Houston County, Texas, to thirty-five years' imprisonment to be served consecutively to his ninety-nine-year Guadalupe County sentence, in Cause No. 91-0984-CR.

On March 4, 2009, Cain was indicted for the crime of possessing a prohibited item in a correctional facility.[7]  Cain entered a plea of guilty and was sentenced to two years' imprisonment by the 3rd Judicial District Court of Anderson County, Texas, on September 11, 2009.[8]  The sentence was ordered to be served consecutively to his thirty-five-year Houston County sentence in Cause No. 14,288-CR.[9]

On January 16, 2004, November 17, 2008, and November 19, 2008, Cain filed time-credit dispute resolution forms challenging the calculation of his sentences with the Time Section of the Classification and Records Division of the Texas Department of

---

[6]Judgment and Sentence on Plea of Guilty or Nolo Contendere Before Court, Waiver of Jury Trial in Cause No. 14,288-CR, The State of Texas v. Shane Cain, State Habeas Record WR-18,018-16, Docket Entry No. 6, Exhibit A.

[7]Indictment in Cause No. 29730, The State of Texas v. Shane Cain, State Habeas Record WR-18,018-28, Docket Entry No. 6, p. 21.

[8]Judgment of Conviction by Court-Waiver of Jury Trial in Cause No. 29730, The State of Texas v. Shane Cain, State Habeas Record WR-18,018-28, Docket Entry No. 6, p. 22.

[9]Id. at 23.

Criminal Justice.[10]  On July 6, 2004, April 7, 2009, and April 27, 2009, Cain received responses stating that there were no errors in the calculation of his sentences.[11]  On June 27, 2008, Cain was denied parole of his Guadalupe County sentence, in Cause No. 38,167.[12]

On November 30, 2009, Cain filed an application for a state writ of habeas corpus challenging the calculation of his sentences.[13]  His application was denied without written order on February 3, 2010.[14]

Cain has previously filed at least twelve applications for federal writs of habeas corpus.[15]  Cain filed an application for a federal writ of habeas corpus in 2001 complaining that his rights had been violated because his sentence in Cause No. 38,167 had ceased to operate, thus entitling him to begin serving his

---

[10]Affidavit of Charley Valdez, Program Specialist III in the Classification and Records Department of the Texas Department of Criminal Justice Correctional Institutes Division, Docket Entry No. 8, Exhibit A.

[11]Id.

[12]Board of Pardons and Paroles Division Minutes, Docket Entry No. 8, Exhibit B.

[13]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction, State Habeas Record WR-18,018-28, Docket Entry No. 6, pp. 1, 6-10.

[14]Application for 11.07 Writ of Habeas Corpus, Action Taken, State Habeas Record WR-18,018-28, Docket Entry No. 6, cover.

[15]Cain v. Dretke, No. 2:03-CV-420 (N.D. Tex. 2006).

-4-

consecutive sentence.[16]   In 2002 the application was dismissed as time-barred.[17]   Cain filed an additional application for a federal writ of habeas corpus in 2001 arguing again that his sentence in Cause No. 38,167 should have ceased to operate so his consecutive sentence could commence.[18]   His application in Civil Action No. 1:01-CV-00189 was dismissed as successive.[19]   In 2003 Cain filed an additional application for a federal writ of habeas corpus in Cause No. 2:03-CV-420 challenging the calculation of his consecutive sentences.[20]   The petition was dismissed as successive by the Northern District of Texas on April 28, 2006.[21]

On February 23, 2010, Cain filed the instant federal petition for a writ of habeas corpus challenging the calculation of his consecutive sentences (Docket Entry No. 1).

**B.   Petitioner's Claims**

Cain asserts the following claims in support of his habeas petition:

---

[16]<u>Cain v. Cockrell</u>, Civ. Act. No. SA-01-CA-1135 (W.D. Tex. 2002).

[17]<u>Id.</u>

[18]<u>Cain v. Cockrell</u>, Civ. Act. No. 1:01-CV-00189 (N.D. Tex. 2001).

[19]<u>Id.</u>

[20]<u>Cain v. Dretke</u>, Civ. Act. No. 2:03-CV-420 (N.D. Tex. 2006).

[21]<u>Id.</u>

-5-

     (1)   The state of Texas created a liberty interest in the determination of when a sentence is to cease to operate and a consecutive sentence is to begin.

     (2)   The state of Texas misapplied this liberty interest and deprived him of due process in calculation of his consecutive sentences.[22]

Respondent argues that Cain's claims should be dismissed because Cain's habeas petition is successive, time-barred, and without merit.

## II.   **Standard of Review**

### A.   Summary Judgment

A court should grant summary judgment when the pleadings and parties' submissions demonstrate that there is no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986).

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issues of material fact. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986). Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial. See Anderson, 106 S.Ct. at 2511. If the non-movant is unable to

_____

[22]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

meet this burden, the motion for summary judgment will be granted. FED. R. CIV. P. 56(c).

## B.   Presumptions Applied in Habeas Cases

When considering a summary judgment motion the court usually resolves any doubts and draws any inferences in favor of the nonmoving party.   <u>Anderson</u>, 106 S.Ct. at 2513.   However, the amendments to 28 U.S.C. § 2254 contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") change the way courts consider summary judgment motions in habeas cases.

In a habeas proceeding 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are presumed correct.   This statute overrides the ordinary summary judgment rule.   <u>Smith v. Cockrell</u>, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by <u>Tennard v. Dretke</u>, 124 S.Ct. 2562 (2004)).   Similarly, the necessary "unarticulated findings" of a state court's conclusions arrived at through mixed law and fact are presumed correct.   <u>Williams v. Quarterman</u>, 551 F.3d 352, 358 (5th Cir. 2008) (quoting <u>Valdez v. Cockrell</u>, 274 F.3d 941, 948 n.11 (5th Cir. 2001)).   Therefore, a court will accept findings made by the state court as correct unless the habeas petitioner can rebut the presumption of correctness by clear and convincing evidence. <u>Smith</u>, 311 F.3d at 668.

The provisions of section 2254(d) set forth a deferential evaluation of state-court rulings.   <u>Lindh v. Murphy</u>, 117 S.Ct.

-7-

2059, 2066 n.7 (1997).  A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d) (2009).

A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  Williams v. Taylor, 120 S.Ct. 1495, 1519-20 (2000).  If a state court correctly identifies the governing legal principle, but applies the principle in an unreasonable manner to the facts of the case, the decision is an unreasonable application of clearly established federal law.  Id. at 1523.

### III.  **Analysis**

Respondent argues that petitioner's claims are successive, time-barred, and without merit.  The court will assume without deciding that the claims are neither successive nor time-barred, and will review Cain's claims on the merits.  Respondent argues that petitioner's claims can be dismissed on the merits because

-8-

petitioner has raised a purely state law question.  Alternatively, respondent argues that no federal constitutional right has been created by the state.  The court agrees with both of respondent's arguments.

## A.   Applicable Law

When a Texas prisoner is serving consecutive sentences the first sentence will "cease to operate" upon a grant of parole for that sentence, thereby causing the commencement of the second sentence.  See TEX. GOV'T CODE § 508.150 (1997).  Section 508.150 of the Texas Government Code provides the procedure for calculating consecutive sentences:

> (a)  If an inmate is sentenced to consecutive felony sentences under Article 42.08, Code of Criminal Procedure, a parole panel shall designate during each sentence the date, if any, the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence.

> (b)  For the purposes of Article 42.08, Code of Criminal Procedure, the judgment and sentence of an inmate sentenced for a felony, other than the last sentence in a series of consecutive sentences, cease to operate:

>> (1)  when the actual calendar time served by the inmate equals the sentence imposed by the court; or

>> (2)  on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence.  TEX. GOV'T CODE § 508.150 (1997).

## B.   Cognizable Constitutional Claim

To be entitled to federal habeas relief a petitioner must allege a federal constitutional deprivation.  See Orellana v. Kyle,

65 F.3d 29, 31 (5th Cir. 1995).   Here, Cain challenges the Texas Department of Criminal Justice, Correctional Institutions Division's calculation of his consecutive sentences.   To the extent that Cain's claim is based on state law, it is not cognizable on federal habeas review.   It is not the function of a federal court to review a state's interpretation of its own law.   See Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002).   Instead, a federal court must limit its habeas corpus review to violations of the Constitution, laws, or treatises of the United States.   28 U.S.C. § 2241 (2008); Estelle v. McGuire, 112 S.Ct. 475, 480 (1991).

Cain alleges that under TEX. GOV'T CODE § 508.150 a parole panel is required to designate a "parole 'eligibility' date for each separate consecutive sentence."[23]   He contends that on this date of eligibility a prisoner has the right to "'cease to operate' a pre-final 'judgment and sentence'" and to commence a subsequent sentence.[24]   Cain clarifies this claim in his Response to Respondent's Motion for Summary Judgment:

> . . . the Texas Legislature has already defined the meaning of the phrase "ELIGIBLE FOR RELEASE ON PAROLE" to mean an exact, non-discretionary date based on the amount of calendar time and good time credits earned by the inmate NOT the discretionary date of actual "PAROLE APPROVAL" by a parole panel.[25]

---

[23]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7E.

[24]Id.

[25]Petitioner Cain's Response to Respondent's Motion for Summary Judgment, Docket Entry No. 9, p. 3.

Because of this definition by the Texas Legislature, Cain contends, prisoners must only "become 'ELIGIBLE FOR RELEASE ON PAROLE' [o]n their prior sentence in order to start their next sentence."[26] Applying this standard to his case Cain asserts that he is now eligible for release on parole according to TEX. GOV'T CODE § 508.150, and therefore his two-year Anderson County sentence in Cause No. 29730 should begin.[27]

The Texas Court of Criminal Appeals, in Ex parte Kuster, considered an argument similar to that presented by Cain. 21 S.W.3d 264, 270 (Tex. Crim. App. 2000). The court there rejected the contention that the phrase "ceases to operate" in TEX. GOV'T CODE § 508.150(b) refers merely to the date on which the prisoner became statutorily eligible for parole. Id. Instead, the date the sentence "ceases to operate" is determined by a discretionary decision of the parole panel. Id. (explaining that this is the proper interpretation because the statute uses the phrase "parole panel designates," instead of referring to a prisoner's eligibility). For the purpose of determining the date on which a sentence "ceases to operate" and a consecutive sentence begins, eligibility for parole does not by itself entitle a prisoner to parole. Id. The court held that "ceases to operate" is determined

----

[26]Id. at 5.

[27]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 7E-7F.

-11-

by (1) the date upon which the sentence has been served day-for-day, or (2) the date designated by a parole panel as the date that the prisoner would have been approved for parole and release if not for the imposition of a consecutive sentence.  Id.

Cain fails to produce evidence establishing that the parole panel designated a date by which he would have been released on parole if not for his consecutive sentences.  He argues instead that eligibility for parole is enough, a claim clearly rejected by the Texas Court of Criminal Appeals.  For these reasons, and because the court cannot provide federal habeas relief to a challenge of the application of state law by the Texas Court of Criminal Appeals, Cain's claim lacks merit.

## C.   Liberty Interest

Cain claims that his rights to procedural due process under the Fourteenth Amendment were violated.  Under the Fourteenth Amendment to the United States Constitution "[no State shall] deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  Persons wishing to obtain protection must establish that one of the Due Process Clause interests is at stake.  See Wilkinson v. Austin, 125 S.Ct. 2384, 2393-95 (2005) (holding that prisoners had a liberty interest in assignment to a "Supermax" facility, a highly restrictive facility designed to segregate dangerous prisoners, because it imposed "an atypical and significant hardship" upon the imprisonment context).

-12-

States can, under certain limited circumstances, create protected liberty interests for prisoners. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Cain claims that the state created a liberty interest through Texas Government Code § 508.150, and thus this liberty interest entitled him to release from his twenty-five-year Bell County sentence in Cause No. 38,167, his ninety-nine-year Guadalupe County sentence in Cause No. 91-0984 CR, and his thirty-five-year Houston County sentence in Cause No. 14,288-CR, thereby commencing his two-year Anderson County sentence in Cause No. 29730.[28]

The Fifth Circuit has expressly held that there is no constitutionally protected liberty interest in parole in Texas because parole is within the total and unfettered discretion of the state. See Teague v. Quarterman, 482 F.3d 769, 774 (5th Cir. 2007); see also Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). Parole in Texas is defined as "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.011(6) (2004).

Because Cain has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the

---

[28]Petitioner Cain's Response to Respondent's Motion for Summary Judgment, Docket Entry No. 9, p. 6.

procedures attendant to his parole decisions.  See Orellana, 65
F.3d at 32.  Without a cognizable liberty interest Cain cannot use
the Due Process Clause to challenge parole procedures.  Johnson v.
Rodriguez, 100 F.3d 299, 308 (5th Cir. 1997).  The court concludes
that because that state recognizes no liberty interest in parole,
Cain cannot challenge the state parole procedure under the Due
Process Clause of the Fourteenth Amendment.  Therefore, Cain's
claim is without merit.

**D.  Dismissal of Claims Without Merit**

Federal courts are authorized to dismiss federal habeas
petitions if it plainly appears that the petitioner is not entitled
to relief.  28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254
Cases in the United States District Courts.  Cain's habeas petition
will be dismissed because it lacks an arguable basis in law.  See
McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); Newby v.
Johnson, 81 F.3d 567, 568-69 (5th Cir. 1996).

## IV.  <u>Certificate of Appealability</u>

Although Cain has not yet requested a Certificate of
Appealability ("COA"), the court may deny a COA sua sponte.  See
Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  To obtain
a COA for claims denied on the merits Johnson must make a
substantial showing of the denial of a constitutional right.  28
U.S.C. § 2253(c)(2); see also Tennard v. Dretke, 124 S.Ct. 2562,

-14-

2569 (2004).  To make such a showing Cain must demonstrate that the
issues are debatable among jurists of reason, that a court could
resolve the issues in a different manner, or that the issues
presented are adequate to deserve encouragement to proceed further.
Id.  Cain's argument is based on an interpretation of TEX. GOV'T CODE
§ 508.150 that has been rejected by the Texas Court of Criminal
Appeals.  Ex parte Kuester, 21 S.W.3d at 270.  Furthermore, the
Fifth Circuit has previously rejected the claim that TEX. GOV'T CODE
§ 508.150(b) creates a liberty interest in parole.  Teague, 482
F.3d at 774; Madison, 104 F.3d at 767.  Therefore, the court finds
no issue that is debatable among jurists of reason.  Accordingly,
a Certificate of Appealability will not issue in this case.

## V.  Conclusion and Order

For the reasons explained above, the court **ORDERS** the
following:

1.  Respondent Thaler's Motion for Summary Judgment
    (Docket Entry No. 8) is **GRANTED**.

2.  Cain's Petition for a Writ of Habeas Corpus by a
    Person in State Custody (Docket Entry No. 1) is
    **DENIED**.

**SIGNED** at Houston, Texas, on this the 11th day of June, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-15-